UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLIE'S FAMILY GRILL, LLC,

    Plaintiff,

v.

STATE FARM FIRE & CASUALTY
COMPANY,

    Defendant.
_____/

Case No. 1:24-cv-402

Hon. Hala Y. Jarbou

## OPINION

Plaintiff Charlie's Family Grill, LLC, operated a restaurant in White Cloud, Michigan. A fire destroyed the restaurant building on March 18, 2023. Charlie's brought this action to recover from its insurer, Defendant State Farm Fire & Casualty Company. State Farm refused to provide coverage after concluding that the owners of Charlie's, David and Ryan Robinson, had intentionally caused the fire. Indeed, the State of Michigan charged the Robinsons with arson of insured real property and a jury found them guilty of those charges in August 2025. Before the Court is State Farm's motion for summary judgment. For the reasons set forth herein, the Court will grant the motion.

### I. BACKGROUND

In 2022, State Farm issued Charlie's an insurance policy covering damage to its restaurant building and personal property due to fire. (*See* Policy, ECF No. 28-2, PageID.137.) Relevant here, the Policy excluded coverage for the following:

> Dishonest or criminal acts by you, or anyone else with an interest in the property, or any of your or their partners, "members", officers, "managers", employees . . . or authorized representatives, whether acting alone or in collusion with each other or with any other party . . . .

(*Id.*, PageID.144.)

After the fire in March 2023, Charlie's submitted a claim to State Farm for damage to the building exceeding the $500,000 limit in the Policy, and for over $300,000 for damage to personal property. (Sworn Statement in Proof of Loss, ECF No. 28-3, PageID.217.) State Farm denied the claim because Charlie's purportedly violated the "Concealment or Fraud condition," the "Dishonesty exclusion," and the "Duties In The Event of Loss condition" of the Policy. (Denial Letter, ECF No. 28-4, PageID.222.) In State Farm's view, evidence indicated "the fire was intentionally set" and that Charlie's "had a wrongful connection to the fire." (*Id.*)

David and Ryan own and control Charlie's Family Grill, LLC, because they are the only members of that entity. (D. Robinson Dep. 10, ECF No. 28-7; R. Robinson Dep. 18, ECF No. 28-7.) Following a jury trial in state court, David and Ryan were found guilty of arson of insured real property under Mich. Comp. Laws § 750.76(1)(b). That statute prohibits intentionally destroying by fire any insured real property with intent to defraud the insurer. State Farm now moves for summary judgment.

## II. STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A material fact is genuinely disputed when there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id*. at 249 (citing *First Nat'l Bank of Ariz v. City Serve. Co.*, 391 U.S. 253, 288-89 (1961)). Summary judgment is not an opportunity for the Court to resolve factual disputes. *Id*. The Court "must shy away from weighing the evidence and instead view all the facts in the light most favorable to the

nonmoving party and draw all justifiable inferences in their favor." *Wyatt v. Nissan N. Am., Inc.*, 999 F.3d 400, 410 (6th Cir. 2021).

### III. ANALYSIS

State Farm argues that the dishonesty exclusion in the Policy bars coverage because David and Ryan engaged in criminal conduct. It argues that their conduct is attributable to Charlie's because they owned and controlled Charlie's. Generally, "under the principle of law that no one should be allowed to profit by his own wrong, an insured corporation will not be allowed a recovery on fire insurance policies where the incendiarist owns all or practically all of the stock in the insured corporation, or is in exclusive management of the corporate property." *United Gratiot Furniture Mart, Inc. v. Mich. Basic Property Ins. Ass'n*, 406 N.W.2d 239, 241 (Mich. Ct. App. 1987) (quoting 43 Am. Jur. 2d, Insurance § 494); *see also Imperial Kosher Catering, Inc. v. Traveler's Indem. Co.*, 252 N.W.2d 509, 545 (Mich. Ct. App. 1977) (prohibiting a corporation from recovering insurance proceeds where its sole stockholders and owners committed arson because "it would be a mockery of justice for our legal processes to be used by convicted felons to profit from their crimes"). In other words, "an insurance carrier may assert arson as a defense against a corporation's claim of fire loss if it is factually demonstrated that the individual who set or procured the setting of the fire exercised complete dominance and control over the affairs of the corporation." *United Gratiot*, 406 N.W.2d at 242.

Here, it is undisputed that David and Ryan have complete ownership of Charlie's. Charlie's argues that there is a dispute over the degree to which David, as opposed to Ryan, controlled the entity's affairs. However, Charlie's provides no evidence that would support such a dispute. Nor does it explain why that dispute matters. *United Gratiot* bars recovery by the corporate entity where the arsonist has complete ownership of that entity. The evidence here indicates that both David and Ryan were involved in the arson, and that together, they had complete

3

ownership of Charlie's. Consequently, their conduct is attributable to Charlie's and State Farm can use that conduct as a defense to Charlie's claim for coverage.

For proof of the arson itself, State Farm relies upon the convictions following a jury verdict in the state criminal proceedings as evidence of that conduct. Charlie's does not challenge the use of the convictions as evidence of David and Ryan's criminal behavior. Indeed, it acknowledges that those convictions are likely admissible under the Federal Rules of Evidence. *See* Fed. R. Evid. 803(22) (excluding from hearsay a judgment of conviction after a trial for an offense punishable by imprisonment for more than a year). Charlie's contends that evidence of a pending appeal would also be admissible under the rule covering impeachment evidence, *see* Fed. R. Evid. 609(e), but it does not explain how that appeal would create an issue of fact relevant for summary judgment.

State Farm further contends that the judgment in the criminal case has preclusive effect in this action. Indeed, Michigan principles of issue preclusion (collateral estoppel) support applying the findings in the criminal case to this one. Issue preclusion protects "litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979). Michigan does not require mutuality of estoppel when estoppel "is being asserted defensively against a party who has already had a full and fair opportunity to litigate the issue." *Monat v. State Farm Ins. Co.*, 677 N.W.2d 843, 852 (Mich. 2004). State Farm is asserting estoppel defensively. And although Charlie's was not a party to the criminal proceedings, estoppel applies to those who were "a party, *or in privity with a party*, to the earlier action." *Id.* at 846 (quoting *Lichon v. Am. Universal Ins. Co.*, 459 N.W.2d 288, 297 (Mich. 1990) (emphasis added)). David and Ryan had a full and fair opportunity to litigate their conduct in those proceedings, and they were in privity

4

with Charlie's. *See* Restatement (Second) of Judgments § 59 cmt. e (1982) ("When the controlling owner is the party to the litigation, his opportunity and incentive to litigate issues commonly affecting him and the corporation is ordinarily sufficient to treat his participation as being on behalf of the corporation as well."); Restatement (Second) of Judgments § 85 (noting that a "judgment in favor of the prosecuting authority is preclusive in favor of a third party in a civil action . . . [a]gainst a person having a relationship with the defendant as specified in [§ 59]," and giving example where a corporation is precluded from recovering insurance proceeds for destruction of its building because the sole stockholder of the corporation was convicted of arson that destroyed the building). True, the Robinsons have appealed their convictions, but the judgment in their criminal case has preclusive effect despite those appeals. *See Rayfield v. Am. Reliable Ins. Co.*, 641 F. App'x 533, 536 (6th Cir. 2016) ("[T]he fact that Rayfield appealed Judge Gibson's order does not strip her ruling of its preclusive effect." (citing *City of Troy Bldg. Inspector v. Hershberger*, 183 N.W.2d 430, 433 (Mich. Ct. App. 1970))); Restatement (Second) of Judgments § 13.

Charlie's believes the Robinsons' convictions will be overturned due to unidentified errors in the criminal proceedings. In a separate motion, it asks the Court to stay this case until those appeals are resolved. The Court declines to do so. State Farm has presented a proper motion for summary judgment and is entitled to judgment on that motion. The Court cannot discern a sufficient reason to delay a decision on that motion.

"[D]istrict courts have 'broad discretion in determining whether to stay a civil action while a criminal action is pending or impending.'" *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014) (quoting *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007)). The Court considers the following factors when determining whether a stay is appropriate:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have

5

>been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Id.* (quoting *Chao*, 498 F. Supp. 2d at 1037). "The most important factor is the balance of the hardships, but '[t]he district court must also consider whether granting the stay will further the interest in economical use of judicial time and resources.'" *Id.* at 628 (quoting *Int'l Bhd. of Elec. Workers v. AT & T Network Sys.*, No. 88–3895, 879 F.2d 864, 1989 WL 78212, at *8 (6th Cir. Jul. 17, 1989)).

As to the first factor, the issues in the criminal case overlap with those presented in the civil case, which supports a stay. But as to the second factor, the criminal case has reached a judgment. Charlie's gives no reason to think that the outcome will change after an appeal. For the third factor, Plaintiff's interest in proceeding expeditiously does not apply because Plaintiff is the one seeking a stay. Under the fourth factor, there does not appear to be much risk of prejudice to State Farm from a delay, though as indicated, it is entitled to a ruling on its motion for summary judgment, which is ready for review. As to the final factors, the Court and the public have an interest in moving the case forward.

On balance, Charlie's has not shown that a stay is warranted. The Court acknowledges there is a risk that a decision in State Farm's favor could be inconsistent with the state court proceedings if the Robinsons ultimately succeed in overturning the state court judgment. If that occurs, however, Charlie's can ask this Court to revisit its decision through a motion under Rule 60(b)(5) of the Federal Rules of Civil Procedure. *See Rayfield*, 641 F. App'x at 538 (explaining that Rule 60(b)(5) permits relief from a judgment that is based on an earlier judgment that has been reversed or vacated). Accordingly, the Court will deny the motion for a stay.

6

## IV. CONCLUSION

For the reasons stated, the Court will grant State Farm's motion for summary judgment and dismiss the case. The Court will deny Plaintiff's motion to stay the case.

An order and judgment will enter consistent with this Opinion.


Dated: January 14, 2026              /s/ Hala Y. Jarbou
                                                                       HALA Y. JARBOU
                                                                       CHIEF UNITED STATES DISTRICT JUDGE